IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| Collarity, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 11-1103 MPT |
| | ) |
| Google Inc., | ) |
| | ) **JURY TRIAL REQUESTED** |
| Defendant. | ) |
| | ) |

## SCHEDULING ORDER

This _10_ day of _February_, 20_12_, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on February 6, 2012, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten days of the date of this Order. If they have not already done so, the parties are to review the Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov, and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before May 14, 2012,

Case 1:11-cv-01103-MPT Document 16 Filed 02/08/12 Page 2 of 11 PageID #: 110

except that any motion to amend to assert inequitable conduct may be filed on or before August 31, 2012.

3. Discovery.

   a. Preliminary Contentions.

   i. Plaintiff shall provide Defendant with preliminary identifications of the accused products, systems and/or services by March 6, 2012.

   ii. Defendant shall produce to Plaintiff core technical documents regarding the accused products, systems and/or services identified by Plaintiff by April 6, 2012, subject to resolution of confidentiality issues

   iii. Plaintiff shall serve on Defendant a chart setting forth the asserted claims and Plaintiff's preliminary infringement contentions by May 4, 2012. The preliminary infringement contentions shall contain the following information: 1) each asserted patent claim; 2) each accused instrumentality; 3) a chart identifying where each limitation of each asserted claim is found within the accused instrumentality; and 4) the priority date to which each asserted claim is entitled. With its infringement contentions, and to the extent not already provided in discovery, Plaintiff will produce: 1) all documents evidencing conception and reduction to practice of each claimed invention; 2) a copy of the file history for the patent in suit; and 3) all documents evidencing ownership of the patents by Plaintiff. The foregoing contentions are to be deemed continuing, requiring prompt supplementation whenever the conditions of Fed.R.Civ.P. 26(e) are satisfied.

     iv. Defendant shall serve on Plaintiff a chart setting forth the asserted claims and Defendant's preliminary invalidity contentions by June 4, 2012. The preliminary invalidity contentions shall contain the following information: 1) the identity of each item of prior art on which Defendant intends to rely; 2) whether each item of prior art anticipates each asserted claim or renders it obvious, including an explanation of why the prior art renders the asserted claim obvious and an identification of any combinations of prior art; 3) a chart identifying where in each item of prior art each limitation of each asserted claim is found; 4) any grounds for invalidity under 35 U.S.C. §§ 101 and 112. With its invalidity contentions, and to the extent not already provided in discovery, in conformity with a Protective Order entered into in this matter, Defendant will produce or otherwise make available for inspection: 1) source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of the accused instrumentality identified by Plaintiff; and 2) a copy of each item of prior art identified in Defendant's invalidity contentions. The foregoing contentions are to be deemed continuing, requiring prompt supplementation whenever the conditions of Fed.R.Civ.P. 26(e) are satisfied.

  b. <u>Requests for Admission</u>. Each party may serve up to twenty-five (25) requests for admission on the opposing party. Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document is (1) authentic, (2) is a business record, or (3) otherwise meets a condition for admissibility in evidence.

  c. <u>Interrogatories.</u> Each party may serve up to twenty-five (25) interrogatories on the opposing party.

        d.      <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination of fact witnesses. Each deposition is limited to a maximum of 7 hours per witness with the exception of the inventor who may be deposed for up to a maximum of 14 hours.

        e.      <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        f.      <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before October 26, 2012. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        g.      <u>Disclosure of Expert Testimony</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before the later of February 15, 2013 or 45 days after the *Markman* Order issues. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before the later of March 18, 2013 or 75 days after the *Markman* Order issues. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in

Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

All expert discovery in this case shall be completed by the later of April 22, 2013 or 110 days after the *Markman* Order issues.

        h.      <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter or those other matters covered by this paragraph,[1] the parties involved shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less that forty-eight (48) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, in no less than 12 point font, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed three (3) pages, in no less than 12 point font, outlining that party's reason for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes or issues covered by the provisions contained in paragraph 3 of this Order, regarding protective orders, or motions for

---

[1] To meet the import of that phrase, counsel are expected to first ***verbally*** discuss the issues/concerns before seeking the Court's intervention.

extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

No motions to compel or motions for protective order shall be filed absent approval of the court. Absent expressed approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

4.   Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of protective order, the Default Discovery Confidentiality Order shall control. Absent agreement among the parties, the Default Standard of Access to Source Code shall control.

Any proposed protective order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any person or party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

5.   Papers Filed Under Seal. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.   ADR Process. This matter shall be referred to Magistrate Judge Christopher J. Burke for purposes of discussing the ADR process.

7. <u>Interim Status Report</u>. On July 24, 2012, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On July 31, 2012, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 11 a.m. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. If the parties believe that a tutorial on the technology would be helpful, they may shall provide the Court by October 15, 2012, with a tutorial on the technology at issue. In that regard, each party may submit a videotape/CD of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed within five (5) days of submission of the videotapes/CDs. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before the later of May

30, 2013 or 145 days after the *Markman* Order issues. Unless the Court directs otherwise, no case dispositive motions may be filed at a time before the date set forth in this paragraph. Briefing will be presented pursuant to the Court's Local Rules, except as modified during the scheduling conference. If the matter is scheduled for a bench trial, no case dispositive motions shall be filed without prior authorization of the Court.

Any reference to exhibits in the briefs must refer to the specific pages of the exhibit proffered in support of a party's argument. If the exhibit is a deposition, both the page and line numbers must be specified.[2]

11. <u>Claim Construction Issue Identification</u>. On May 18, 2012, the parties shall contemporaneously submit letters to the Court, not to exceed two (2) pages, stating the parties' position on a limited earlier claim construction, and the terms, if any, to be construed. Counsel should meet and confer on this matter at least three (3) days prior to submitting these letters to the Court. On May 21, 2012, the Court will hold a conference by telephone with counsel beginning at 4:00 p.m, to determine whether a limited earlier claim construction would be helpful in resolving the case. Plaintiff's counsel shall initiate the telephone call. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on September 21, 2012, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on October 4, 2012.

---

[2] For example, a reference to an exhibit that refers to the entire document will not be accepted and is not consistent with this provision.

The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction</u>. Counsel must identify during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall contemporaneously submit initial briefs on claim construction issues on November 5, 2012. The parties' answering/responsive briefs shall be contemporaneously submitted on November 19, 2012. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

13. <u>Hearing on Claim Construction</u>. Beginning at 9 a.m. on December 17, 2012, the Court will hear evidence and argument on claim construction.

14. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>. On November 20, 2013 or at a time to be determined by the Court, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at

9:30 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before November 6, 2013 or at a time to be determined by the Court.

16. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file **joint** proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18. Trial. This matter is scheduled for a 7 day jury trial beginning at 9:30 a.m. on December 9, 2013 or at a time to be determined by the Court with the subsequent trial days

beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 17 hours to present their case.

_____
UNITED STATES MAGISTRATE JUDGE